UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE G. HEARD,

        Plaintiff

v.                                                CASE NO. 08-13302

PAT CARUSO, *et al*.,               PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

        Defendants.
_____/

## **ORDER OF PARTIAL DISMISSAL**

## **I. INTRODUCTION**

Plaintiff Willie G. Heard is a state prisoner currently confined at a correctional facility in Ionia, Michigan.[1] He has filed a motion for injunctive relief and a *pro se* civil rights complaint against more than one hundred individuals, including the Governor of Michigan, the Director of the Michigan Department of Corrections (MDOC), and employees of MDOC. He alleges that

---

[1] Plaintiff was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan when he filed his complaint on July 31, 2008. He alleges in his motion for injunctive relief that he was transferred to his current location in Ionia, Michigan on August 28, 2008. Records maintained by the Michigan Department of Corrections on its official website (www.Michigan.gov/corrections) indicate that Plaintiff's current address is:

    Willie G. Heard, #532462
    Ionia Maximum Correctional Facility
    1576 W. Bluewater Highway
    Ionia, MI 48846

The Clerk of Court is ordered to update the docket for this case to reflect Plaintiff's current address.

correctional officials have conspired to assault, harass, and retaliate against him and have forced him to live in inhumane conditions. He also claims that the defendants have denied him grievance forms, deprived him of adequate health care, and made false misconduct reports against him. He seeks declaratory, monetary, and injunctive relief.

## II. ANALYSIS

The allegations of *pro se* complaints, "'however inartfully pleaded,' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations and footnote omitted). A civil rights complaint against governmental officials must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and

2

what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

Plaintiff has not alleged what the majority of the defendants did to violate his constitutional rights. His conclusory allegations that prison staff have assaulted or conspired to assault, harass, and retaliate against him lack sufficient factual specificity to state a claim under § 1983. *Davis v. Mich. Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)).

The only defendants mentioned in Plaintiff's statement of facts, affidavit, and duplicate grievance form are: Registered Nurse Rebeski; Pat Caruso, Director of the Michigan Department of Corrections; Regional Director of Health Care Pindya; Warden Deborah Scott; Correctional Officer Cain; Dr. Hayes; Resident Unit Officers Calhoun, Diamond-Smith, and Magro; and Grievance Coordinator McMillan. Plaintiff appears to allege that: Registered Nurse Rebeski inadequately treated him for pneumonia and attempted to murder him; defendants Pat Caruso and Pindya are responsible for his security and health care and were negligent; defendant Deborah Scott's response to his complaint about the conditions of confinement was, "This is what you get; this is what happens when you come to the hole;" Correctional Officer Cain and Resident Unit Officer Magro assaulted him; Dr. Hayes denied him a physical examination on March 26, 2008; Resident Unit Officers Calhoun and Diamond-Smith conspired to file false reports against him; and Grievance Coordinator McMillan failed to send him grievance forms.

The allegations against defendants Caruso, Pindya, Hayes, Calhoun, Diamond-Smith, and Mcmillan do not raise a right to relief above the speculative level, even assuming that the allegations against them are true. Although Plaintiff alleges that Caruso and Pindya were

negligent, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). To the extent that Plaintiff seeks to hold Caruso and Pindya liable under a *respondeat superior* theory of liability, his claim fails, because vicarious liability is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)).

As for the false misconduct reports allegedly filed by Calhoun and Diamond-Smith, the Sixth Circuit has stated that

> [f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing. *See Cale v. Johnson,* 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). We have also so held in two recent unpublished opinions, *McMillan v. Fielding,* 136 Fed. Appx. 818, 820 (6th Cir. 2005), and *Cromer v. Dominguez,* 103 Fed. Appx. 570, 573 (6th Cir. 2004).

*Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005). Plaintiff apparently had a hearing on the misconduct charges, for he alleges that he was found not guilty. Therefore, "his due process rights were not violated and he may not maintain a §1983 claim for the allegedly false misconduct reports." *Id*. at 663.

The allegation that Dr. Hayes deprived Plaintiff of a physical examination does not rise to the level of an Eighth Amendment claim because the allegation does not demonstrate deliberate indifference to a serious illness or injury. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Finally, defendant McMillan's failure to provide grievance forms "does not in and of itself rise to the level of a constitutional violation." *Patterson v. Maciel*, 213 Fed. Appx. 529, 530 (6th Cir. 2006) (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim

4

of entitlement to a grievance procedure")), *cert. denied*, __ U.S. __, 127 S. Ct. 2887 (2007).

Plaintiff has stated an arguable claim against Nurse Rebeski, correctional officer Cain, Resident Unit Officer Magro, and Deborah Scott. Accordingly, the United States Marshal is **ORDERED** to serve the appropriate papers on: Nurse Rebeski at Muskegon Correctional Facility in Muskegon, Michigan; Resident Unit Officer Magro at West Shoreline Correctional Facility in Muskegon Heights, Michigan; Correctional Officer Cain at Riverside Correctional Facility in Ionia, Michigan; and Deborah Scott at Jackson Cotton Facility in Jackson, Michigan. The remaining defendants are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A).

The Marshal may collect the usual and customary costs from Plaintiff after effecting service. The Court **ORDERS** Plaintiff to serve a copy of all future documents on the defendants or on defense counsel if legal counsel represents the defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 21, 2008.

                                              s/Denise Goodine

                                              Case Manager